R. Scott Taylor, OSB No. 74324
Clinton L. Tapper, OSB No. 084883
400 E 2nd Ave., Suite 103
Eugene, OR  97401
Tel (541) 485-1511
Fax (541) 246-2424
Scott@taylortapper.com
Clinton@taylortapper.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| MICHAEL W. SMITH and WALTER W. SMITH,<br><br>      Plaintiffs,<br><br>  vs.<br><br>MUTUAL OF ENUMCLAW INSURANCE COMPANY, a Washington corporation,<br><br>      Defendant. | CASE NO.:<br><br>COMPLAINT<br><br>BREACH OF CONTRACT<br><br>JURY TRIAL REQUESTED |

COMES NOW the Plaintiffs, represented by the undersigned attorney, and alleges as follows:

## **SHORT SUMMARY**

1. This is a suit for breach of contract stemming from failure or refusal of Mutual of Enumclaw Insurance Company (herein "MOE" or "Defendant") to pay insurance benefits owed to Michael W. Smith and Charles A. Smith (herein "Plaintiffs") for their burglary loss.

## **JURISDICTION AND VENUE**

2. Plaintiffs are and have been at all times material to this complaint, individuals domiciled in Josephine County, Oregon.

3.      Defendant is a corporation, incorporated under the laws of Washington State, with its principal place of business in Washington. Defendant is licensed to do business in the state of Oregon and is subject to the laws of Oregon.

4.      The amount in controversy is over $75,000 and the principal acts and omissions forming the basis of this complaint took place in Josephine County, Oregon. This Court has diversity jurisdiction over the parties pursuant to 28 USC sections 1332 and 2201.

5.      Venue in this district is proper under 28 USC section 1391 and the most convenient location for trial of this matter is in Medford, Oregon.

## FACTS MATERIAL TO ALL CLAIMS FOR RELIEF

6.      Plaintiffs were the beneficial owners of certain real property located in Josephine County, Oregon, and commonly referred to as 958 W. Park Street, Grants Pass, Oregon (the "Premises"). Located on the Premises was a single family residence occupied entirely by plaintiff Michael W. Smith and his father, Charles A. Smith.

7.      Both plaintiffs and Charles Smith owned personal property kept on the Premises.

8.      Plaintiffs had purchased an insurance home owners policy numbered HO71275240 from defendant (the "Policy"), which was in effect at all times material hereto. The Policy named the plaintiffs as the insured and 958 W. Park Street, Grants Pass, Oregon, as the residence premises.

9.      On or about July 18, 2012 to July 20, 2012, while plaintiffs and Charles Smith were away from the residence, a burglary occurred in which personal property owned by plaintiffs and Charles Smith was stolen. This personal property was not recovered.

10.     Plaintiffs promptly notified both the police and defendant upon learning of the theft of theirs and Charles Smith's property from the Premises.

12.     Plaintiffs have submitted a claim for the loss of personal property caused by this theft in an amount that exceeds the limits of the Policy for this type of loss. The actual cash value of the stolen personal property exceeds $107,610. The actual replacement cost of the stolen property does not exceed $160,000.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

13.     Plaintiff herein re-alleges and re-incorporates all preceding paragraphs into this cause of action.

14.     Plaintiffs have performed all parts and conditions required on their part under the Policy.

15.     Plaintiffs have demanded payment pursuant to the terms of the Policy.

16.     Subject to the terms, limitations and conditions of the policy, losses to personal property due to perils such as theft are a covered loss.

17.     Under the terms, conditions, limitations and exceptions contained in the Policy, the Policy provided replacement cost insurance coverage for personal property owned or used by plaintiffs while it is anywhere in the world. Additionally, at the request of plaintiffs, defendant will cover personal property owned by others while the property is on part of the resident premises occupied by plaintiff. Plaintiffs have requested that defendant cover personal property owned by Charles A. Smith.

18.     Although defendant has paid $500 for the stolen personal property, defendant has failed, refused, delayed and neglected to pay this claim in full. This constitutes a breach of the Policy and there is due and owing $107,110.

19.     Plaintiffs are entitled to recover prejudgment interest at the legal rate of 9% per annum that has accrued on each past due benefit under the policy from July 20, 2012 until paid.

20.     Plaintiffs have been required to retain the services of an attorney in this matter and should be awarded their reasonable attorney fees incurred herein pursuant to ORS 742.061.

## PRAYER

WHEREFORE, Plaintiffs pray that they recover as alleged above and for their costs and disbursements incurred herein.

DATED: 7/17/14

/S/ Brandon G. Braun

---

Brandon G. Braun, OSB # 133097
Of Attorneys for Plaintiffs